IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAMELA HELLMAN and DAN HELLMANN, )
                                 )
          Plaintiffs,            )
                                 )
     v.                          )     Civil Action No. 07-1373
                                 )
SCOTT KERCHER, individually and  )
in his official capacity as a law )
enforcement officer of Rosslyn   )
Farms Borough, LARRY FISCHIO,    )
in his official capacity as      )
Chief of Police of the ROSSLYN   )
FARMS POLICE DEPARTMENT, and the )
BOROUGH OF ROSSLYN FARMS,        )
                                 )
          Defendants.            )

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                        May 5, 2008

This is a civil rights case. Plaintiffs Pamela and Dan Hellmann bring this section 1983 claim against Defendants Scott Kercher, individually and in his official capacity as a Rosslyn Farms law enforcement officer, Larry Fischio, in his official capacity as Chief of Police of the Rossyln Farms Police Department, and the Borough of Rosslyn Farms for injuries Pamela Hellmann allegedly sustained during a traffic stop on April 14, 2007. [Doc. No. 18]. Plaintiffs allege that defendants, <u>inter alia</u>, violated Pamela Hellmann's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff Dan Hellmann brings a loss of consortium claim.

Defendant Kercher filed a counterclaim against plaintiff

Pamela Hellmann alleging civil assault and battery for injuries he claims to have sustained as a result of the April 14, 2007 incident. [Doc. No. 39]. Plaintiffs have filed a motion to dismiss or in the alternative, to strike the counterclaim of defendant Scott Kercher pursuant to Fed.R.Civ.P. 12(b)(6) and 12(f). [Doc. No. 41]. For the reasons set forth below, plaintiffs' motion to dismiss will be denied and plaintiff's motion to strike will be denied.

I. BACKGROUND

Solely for purposes of the pending motion, the following facts set forth in defendant Kercher's counterclaim will taken as true.

On the night of April 14, 2007, plaintiff Pamela Hellmann ("Ms. Hellmann" or "plaintiff") was driving southbound on Interstate 279 when she exited the highway and proceeded into the Borough of Rosslyn Farms. At the time, defendant Kercher was on duty as a Rosslyn Farms police officer. The parties dispute whether Ms. Hellmann obeyed a stop sign at an intersection when she entered Rosslyn Farms. The parties agree, however, that after she proceeded through the intersection, defendant Kercher operated his emergency lights and stopped Ms. Hellmann's vehicle. At some point during the stop, Ms. Hellmann exited her vehicle. While they strongly dispute the details, plaintiff and defendant Kercher agree

2

that a struggle ensued. Both parties claim to have suffered resultant physical injuries.

Plaintiffs filed suit against defendants on October 11, 2007. Defendant Kercher filed an answer to plaintiffs' amended complaint and affirmative defenses on February 6, 2008. [Doc. No. 30]. Defendant Kercher's answer did not include a counterclaim. On February 27, 2008, defendant Kercher filed a counterclaim against Ms. Hellmann. [Doc. No. 39].

In his counterclaim, defendant Kercher alleges claims of assault and battery against plaintiff. In support of these claims, defendant Kercher alleges (1) that Ms. Hellmann used profanity during the April 14, 2007 incident; (2) that her actions were "consistent with intoxication,"; and (3) that she committed assault, aggravated assault and harassment under the Pennsylvania Criminal Code, 18 Pa. C.S.A. §§ 2701, 2702, and 2709. [Doc. No. 39 at ¶¶ 8, 11, 14, 27(c)].

In their motion, plaintiffs contend that defendant Kercher's counterclaim should be dismissed because it is procedurally deficient under Fed.R.Civ.P. 13(a), and fails to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). [Doc. No. 41]. Alternatively, pursuant to Fed.R.Civ.P. 12(f), plaintiffs request that the court strike the allegations of the counterclaim regarding Ms. Hellmann's use of profanity, intoxication and violations of the Pennsylvania Criminal Code. Id.

3

Each argument will be addressed in turn.

## II. MOTION TO DISMISS FOR FAILURE TO COMPLY WITH FED.R.CIV.P. 13(A)

Plaintiffs assert that defendant Kercher's counterclaim is procedurally deficient pursuant to Fed.R.Civ.P. 13(a). Rule 13(a) pertains to compulsory counterclaims and provides:

> (1) In General. A pleading must state as a counterclaim any claim that - at the time of its service - the pleader has against an opposing party if the claim:
>
> (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
>
> (B) does not require adding another party over whom the court cannot acquire jurisdiction.

Fed.R.Civ.P. 13(a). Defendant Kercher's claim against Ms. Hellmann arises out of the April 14, 2007 incident, the same incident out of which plaintiffs' claims arise, and does not require adding another party over whom the court does not have jurisdiction. He, therefore, should have included his counterclaim in his answer to plaintiffs' amended complaint pursuant to Rule 13(a).[1] Defendant Kercher, however, filed his counterclaim in a separate pleading, approximately two weeks after filing his answer. As such, defendant Kercher's counterclaim fails to comply with Rule 13(a).

---

[1] Defendant Kercher does not dispute that his claims are compulsory under Rule 13(a).

4

The court, however, is not persuaded that defendant Kercher's counterclaim should be dismissed as a result of this minor, procedural error. The purpose of Rule 13(a) is to prevent "piecemeal litigation in the federal courts." Great Lakes Rubber Corp. v. Herbert Cooper Co., 286 F.2d 631, 634 (3d Cir. 1961); see also Jack LaLanne Fitness Centers, Inc. v. Jimlar, Inc., 884 F.Supp. 162, 164 (D.N.J. 1995) (the purpose of Rule 13(a) is to "prevent the fragmentation of litigation, multiplicity of actions and to conserve judicial resources"). Rule 13(a), therefore, prohibits a party from bringing his compulsory counterclaim in a subsequent, separate action. See 6 Charles A. Wright, Arthur R. Miller, & Mary K. Jane, Federal Practice And Procedure § 1417, at 129 (2d ed. 1990) ("A failure to plead a compulsory counterclaim bars a party from bringing a later independent action on that claim.")

Defendant Kercher, however, is not seeking to bring his claim in a subsequent, separate action. Rather, he has brought his claim in the original action filed by plaintiffs. In doing so, he is not creating piecemeal litigation, draining judicial resources, or otherwise acting counter to the spirit of Rule 13(a). As such, dismissing defendant Kercher's counterclaim would not serve the interest of judicial economy. Plaintiffs' motion to dismiss based upon defendant Kercher's failure to comply with Rule 13(a) will, therefore, be denied.

III. MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(6)

Plaintiffs contend that defendant Kercher's counterclaim must be dismissed, pursuant to Fed.R.Civ.P. 12(b)(6), because he has failed to state a cause of action for assault and/or battery.

In considering a Rule 12(b)(6) motion, we must be mindful that Federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8 "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the...claim is and the grounds on which it rests,'" Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S.Ct. 1955, 1964 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. Twombly, 127 S.Ct. at 1965. The amount of facts needed to satisfy this requirement will depend on the context of the case and the causes of action alleged. Phillips v. County of Allegheny, et al., 515 F.3d 224, 232 (3d Cir. 2008).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules. The facts alleged in the complaint must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. Twombly, 127 S.Ct. at 1965; Phillips, 515 F.3d at 231; Rowinski v. Salomon Smith Barney Inc., 398 F.3d 294 (3d Cir. 2005). We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. Twombly, 127 S.Ct. at 1965, 1969 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 1965. In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiff could, upon a trial, establish a case that would entitle them to relief, the motion to dismiss should not be granted. Id. at 1969 n.8.

It is on this standard that the court has reviewed plaintiffs' motion to dismiss. Based on the pleadings of record and the briefs filed in support of and opposition thereto, the court is persuaded that defendant Kercher has alleged facts that "raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S.Ct. at 1964-65 (citations omitted). Plaintiffs' motion to dismiss defendant Kercher's counterclaims will, therefore, be denied.

IV. MOTION TO STRIKE

Fed.R.Civ.P. 12(f) permits the court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "The purpose of a motion to strike is to clean up pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." McInerney v. Moyer Lumber And Hardware Inc., 244 F.Supp.2d 393, 402 (E.D. Pa. 2002) (citation omitted). A motion to strike is to be determined on the basis of the pleadings alone. Tonka Corp. v. Rose Art Indus., Inc., 836 F.Supp. 200, 218 (D.N.J. 1993).

"A court possesses considerable discretion in disposing of a motion to strike under Rule 12(f)." ... However, motions to strike are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." River Road Dev. Corp. v. The Carlson Corp., No. 89-7037, 1990 WL 69085, *3 (E.D. Pa. May 23, 1990) (citing 5 Wright & Miller, Federal Practice And Procedure § 1382, at 807, 809-10 (1st ed. 1969)).

A. Allegations Regarding Plaintiff's Intoxication And Use of Profanity

Plaintiffs request that the court strike from defendant Kercher's counterclaim allegations regarding Ms. Hellmann's intoxication and use of profanity. At this stage in the

8

proceedings, the court cannot say that these allegations have no possible relation to defendant Kercher's claims or defenses or to plaintiffs' claims or defenses. Plaintiffs' motion to strike as to defendant Kercher's allegations regarding Ms. Hellmann's intoxication and use of profanity, will, therefore, be denied.

    B.    <u>Allegations Regarding Plaintiff's Violations Of The Pennsylvania Criminal Code</u>

Plaintiffs also request that the court strike from defendant Kercher's counterclaim the allegation that Ms. Hellmann's conduct during the April 14, 2007 incident violated the Pennsylvania Criminal Code. The allegation, paragraph 27(c) of the counterclaim, reads as follows:

> 27.    The actions of Plaintiff, Pamela Hellmann, against Defendant, Scott Kercher, constitute assault and battery under the laws of the Commonwealth of Pennsylvania as follows: ...
>
>     c.    In violating 18 Pa. C.S.A. § 2701, 18 Pa. C.S.A. § 2702, and 18 Pa. C.S.A. § 2709.

[Doc. No. 39, ¶27]. These sections of the Pennsylvania Criminal Code define simple assault, aggravated assault, and harassment.

Defendant Kercher admits that he is not attempting to impute criminal liability on Ms. Hellman based upon these alleged criminal violations. [Doc. 49 at 5]. Nor does defendant Kercher dispute plaintiffs' argument that he cannot bring civil claims against Ms. Hellmann based upon these alleged violations. <u>Id</u>. Rather, he contends that he includes the criminal statutes in order to show that her conduct on April 14, 2007, "was consistent with

9

the offenses spelled out in the Pennsylvania Criminal Code." Id. While this court finds paragraph 27(c) only tangentially relevant, at best, to defendant Kercher's counterclaim, we cannot say at this juncture that it has no possible relation to the controversy at issue. Plaintiffs' motion to strike will, therefore, be denied as to paragraph 27(c) of defendant Kercher's counterclaim.

V.  CONCLUSION

Accordingly, based on the foregoing, plaintiffs' motion to dismiss or in the alternative, to strike the counterclaim of defendant Scott Kercher pursuant to Fed.R.Civ.P. 12(b)(6) and 12(f) [Doc. No. 41] will be denied. An appropriate Order follows.

cc: All counsel of record

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAMELA HELLMAN and DAN HELLMANN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1373 |
| | ) | |
| SCOTT KERCHER, individually and in his official capacity as a law enforcement officer of Rosslyn Farms Borough, LARRY FISCHIO, in his official capacity as Chief of Police of the ROSSLYN FARMS POLICE DEPARTMENT, and the BOROUGH OF ROSSLYN FARMS, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this 5th day of May, 2008, upon consideration of plaintiffs' motion to dismiss or in the alternative, to strike defendant Kercher's counterclaim [Doc. No. 41], IT IS HEREBY ORDERED that the motion is DENIED.

BY THE COURT:

_____, J.

cc: All counsel of record