IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAMELA HELLMAN and DAN HELLMANN, )
)
        Plaintiffs, )
)
v. )   Civil Action No. 07-1373
)
SCOTT KERCHER, individually and )
in his official capacity as a law )
enforcement officer of Rosslyn )
Farms Borough, LARRY FISCHIO, )
in his official capacity as )
Chief of Police of the ROSSLYN )
FARMS POLICE DEPARTMENT, the )
ROSSLYN FARMS POLICE DEPARTMENT, )
and the BOROUGH OF ROSSLYN FARMS, )
)
        Defendants. )

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                        July 15, 2008

This is a civil rights case. Plaintiffs Pamela and Dan Hellmann bring this action pursuant to 42 U.S.C. § 1983 ("section 1983") against Defendants Scott Kercher, individually and in his official capacity as a Rosslyn Farms law enforcement officer, Larry Fischio, in his official capacity as Chief of Police of the Rosyln Farms Police Department, the Rossyln Farms Police Department, and the Borough of Rosslyn Farms for injuries Pamela Hellmann allegedly sustained during a traffic stop on April 14, 2007 [Doc. No. 68]. Plaintiffs allege that defendants, <u>inter alia</u>, violated Pamela Hellmann's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff Dan

Hellmann brings a loss of consortium claim pursuant to Pennsylvania state law.

Defendant Kercher filed a counterclaim against plaintiff Pamela Hellmann alleging civil assault and battery for injuries he claims to have sustained as a result of the April 14, 2007 incident [Doc. No. 39]. With her answer to defendant Kercher's counterclaim, plaintiff Pamela Hellmann (hereinafter "plaintiff") filed cross-claims against the remaining defendants ("municipal defendants") seeking contribution and indemnification [Doc. No. 56]. The municipal defendants have filed a motion to dismiss plaintiff's cross-claims pursuant to Fed.R.Civ.P. 12(b)(6) [Doc. No. 57]. For the reasons set forth below, the municipal defendants' motion will be GRANTED.

I.  BACKGROUND

Plaintiff Pamela Hellmann alleges that defendant Kercher used excessive force and assaulted her during a traffic stop on April 14, 2007. She contends that the municipal defendants are liable for the injuries she allegedly sustained in the struggle with defendant Kercher under section 1983 for, inter alia, failing and/or refusing to respond to prior incidents of excessive force by members of the Rosslyn Farms police department, failing to train and supervise its police department in light of these prior acts of excessive force, and for failing to take steps to prevent a

2

continuation of excessive force by its police officers such that defendants adopted a municipal custom or policy to permit such excessive force [Doc. No. 68].

As noted above, defendant Kercher filed a counterclaim against plaintiff for injuries he allegedly sustained as a result of the April 14, 2007 incident [Doc. No. 39]. In her answer to defendant Kercher's counterclaim, plaintiff asserts cross-claims against the municipal defendants alleging that they are liable for any damages sustained by defendant Kercher [Doc. No. 56]. Specifically, plaintiff brings cross-claims for contribution, indemnity, liability over and sole liability against the municipal defendants.

The municipal defendants contend that plaintiff's cross-claims should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because they cannot be held liable for defendant Kercher's injuries pursuant to Pennsylvania's Workers Compensation Act, 77 Pa Cons. Stat. §§ 481(a) & (b) (2007) [Doc. No. 57]. The court agrees.

II. STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion, we must be mindful that Federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8 "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to

'give the defendant fair notice of what the...claim is and the grounds on which it rests,'" Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S.Ct. 1955, 1964 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. Twombly, 127 S.Ct. at 1965. The amount of facts needed to satisfy this requirement will depend on the context of the case and the causes of action alleged. Phillips v. County of Allegheny, et al., 515 F.3d 224, 232 (3d Cir. 2008).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules. The facts alleged in the complaint must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. Twombly, 127 S.Ct. at 1965; Phillips, 515 F.3d at 231; Rowinski v. Salomon Smith Barney Inc., 398 F.3d 294 (3d Cir. 2005). We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. Twombly, 127 S.Ct. at 1965, 1969 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery

4

will reveal evidence of the necessary elements. Id. at 1965. In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiff could, upon a trial, establish a case that would entitle them to relief, the motion to dismiss should not be granted. Id. at 1969 n.8.

It is on this standard that the court has reviewed the municipal defendants' motion to dismiss. Based on the pleadings of record and the briefs filed in support of and opposition thereto, the court is persuaded that plaintiff's cross-claims fail to state a claim upon which relief can be granted.

III. DISCUSSION

Through her cross-claims, plaintiff seeks to hold the municipal defendants, defendant Kercher's employer and its agents, liable for defendant Kercher's alleged injuries. The Pennsylvania Workers' Compensation Act ("the Act"), 77 Pa Cons. Stat. § 481(b) (2007), however, explicitly prevents an employer and its agents from being held liable to a third party for damages, contribution or indemnity for an employee's injuries. Section 303 of the Act states in pertinent part:

> (b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their

5

> servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution or indemnity in any action at law, or otherwise, unless liability for such damages, contribution or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

77 Pa Cons. Stat. § 481 (b) (2007). Thus, unless contribution or indemnification is clearly provided for by contract, a third party may not seek contribution or indemnification from an employer or its agents under Pennsylvania law. Carcaise v. Cemex, Inc., 217 F.Supp.2d 603, 606-07 (W.D. Pa. 2002) (holding that pursuant to 77 Pa Cons. Stat. § 481 (b), employer was immune from liability for employee's injuries and could not be joined even for purposes of apportioning liability) (citing Heckendorn v. Consolidated Rail Corp., 465 A.2d 609 (Pa. 1983)).

Here, there is no allegation that any such contract exists. As such, the municipal defendants cannot be held liable to plaintiff for damages, contribution or indemnity for the injuries sustained by defendant Kercher. Plaintiff's cross-claims against the municipal defendants, therefore, fail as a matter of law.

Apparently recognizing the clarity of Pennsylvania law on this point, plaintiff asks the court to find a new exception to the Act which would apply to the particular facts of this case [Doc. No. 74, n. 2]. The court declines to recognize any such exception to the Act, a task more properly left to the Pennsylvania state

courts.

Alternatively, plaintiff informally requests leave to amend her answer, affirmative defenses and counterclaim to assert her subrogation rights and to claim an offset and credit in connection with defendant Kercher's receipt of workers' compensation benefits [Doc. No. 74 at 11]. Plaintiff reasons that she is entitled to an offset and/or subrogation with respect to the workers' compensation benefits received by defendant Kercher so as to prevent a double recovery for defendant Kercher.

The Act itself, however, already precludes a double recovery for defendant Kercher. See Heckendorn, 465 A.2d at 612-13 (holding that 77 Pa. Cons. Stat. § 671 (2007) prevents an employee from recovering an amount in excess of his damages). In the event defendant Kercher obtains a verdict against plaintiff and is awarded damages, the municipal defendants will be entitled to subrogation for workers' compensation payments made to defendant Kercher. Section 319 of the Act, 77 Pa. Cons. Stat. § 671 (2007), sets forth the employer's statutory right to reimbursement for the workers' compensation payments made, thereby preventing the injured employee from obtaining a double recovery. Section 319 states in pertinent part:

> Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the

7

compensation payable under this article by the employer... .

77 Pa. Cons. Stat. § 671 (2007). The Pennsylvania Supreme Court in Heckendorn illustrates the application of section 319:

> [I]n a case where the factfinder determines that an injured employee's total damages are $100,000, the negligent third party is liable to the employee for the full amount of the judgment, ... if the employer has already paid $20,000 in workers' compensation to his employee, the employer is entitled to receive $20,000 of the $100,000 judgment ... ."

465 A.2d at 612-13. Accordingly, plaintiff will be liable for the full amount of any judgment against her.

Furthermore, plaintiff's argument that the municipal defendants' constitutional violations caused defendant Kercher's injuries is without merit; the employer's conduct, which may have caused the employee's injury, is irrelevant with regard to the employer's right to reimbursement. See Heckendorn, 465 A.2d at 613. Plaintiff's request for leave to amend her answer, affirmative defenses and counterclaim is, therefore, denied.

The municipal defendants' motion to dismiss plaintiff's cross-claims will, therefore, be GRANTED. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAMELA HELLMAN and DAN HELLMANN, )
)
Plaintiffs, )
)
v. ) Civil Action No. 07-1373
)
SCOTT KERCHER, individually and )
in his official capacity as a law )
enforcement officer of Rosslyn )
Farms Borough, LARRY FISCHIO, )
in his official capacity as )
Chief of Police of the ROSSLYN )
FARMS POLICE DEPARTMENT, the )
ROSSLYN FARMS POLICE DEPARTMENT, )
and the BOROUGH OF ROSSLYN FARMS, )
)
Defendants. )

ORDER

AND NOW, this 15th day of July, 2008, upon consideration of the motion to dismiss plaintiff's cross-claims filed by defendants Larry Fischio, in his official capacity as Chief of Police of the Rossyln Farms Police Department, the Rossyln Farms Police Department, and the Borough of Rosslyn Farms [Doc. No. 57], IT IS HEREBY ORDERED that the motion is GRANTED. Plaintiff Pamela Hellmann's cross-claims are hereby dismissed with prejudice.

BY THE COURT:

_____

cc: All counsel of record